GEORGE H. THORNTON, Respondent, *v.* JAMES C. ROGERS, Appellant.

*New trial — verdict against evidence — charge for a copy of testimony taken as to a contested seat in the Senate.*

On the trial of an action brought to recover from the contestant of a seat in the State Senate fees for a copy of the minutes of the contest, the plaintiff, who was the official stenographer of the Senate and of the committee to which the contest was referred, testified that the copy was furnished on the request of the contestant's counsel, from day to day as the investigation of the contest proceeded, under an agreement by the counsel, on behalf of the contestant, to pay therefor at a certain rate per folio. The plaintiff was positively contradicted by the counsel, and the defendant introduced in evidence a letter written by him to the plaintiff, at the close of his case on the contest, requesting that, if the plaintiff had prepared copies of the minutes, he would send one to the counsel for use in making his brief, stating that if sent it would be returned to the committee with the brief, and a reply from the plaintiff that he would send a copy as requested. The jury rendered a verdict for the plaintiff, and a motion by the defendant for a new trial was denied.

*Held,* that a new trial should have been granted, on the ground that the verdict was against the weight of evidence. (HAIGHT, J., dissenting.)

APPEAL by the defendant, James C. Rogers, from a judgment of Supreme Court in favor of the plaintiff, entered in the office of the clerk of Erie county on the 28th day of October, 1892, upon a verdict rendered at the Erie Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes on the 2d day of March, 1893.

*J. C. Rogers,* for the appellant, in person.

*John Laughlin,* for the respondent.

DWIGHT, P. J.:

The defendant, during the session of the Senate of this State in the year 1890, contested the seat of the sitting member for the sixteenth senatorial district. The plaintiff was the official stenographer of the Senate and of the committee of privileges and elections, to which the defendant's contest was referred for investigation. During, or at the close of the taking of testimony by the committee, the plaintiff furnished to the defendant a copy of the minutes of the proceeding, and in October, 1891, this action was commenced, in which, by his original complaint, he claimed to recover only on a

*quantum meruit* the sum of $680 for such copy. Issue was joined by an answer and an amended answer of the defendant, and he made an offer of judgment for $225, which was not accepted. At the opening of the trial the plaintiff was permitted to amend his complaint by inserting an allegation of a special contract of the defendant by Mr. George B. Wellington, his counsel in the legislative proceeding, to pay the plaintiff for the copy of the minutes to be furnished to him at the rate of twenty cents a folio.

To maintain the affirmative of the issue thus made the plaintiff gave no evidence except by his own testimony. He testified that the investigation was commenced in the latter part of January, 1890; that after the first two or three sittings of the committee, Mr. Wellington applied to him to be furnished with copies of the minutes; that he agreed to furnish them at twenty cents a folio and that he did so — having a copy of the testimony taken up to that time transcribed and furnished to Mr. Wellington — and, after that, furnished him with copies as the investigation proceeded. He denied any recollection or belief that he ever received any letter from the defendant himself on the subject of furnishing the copy to him or his counsel, and he reiterated more than once his statement of the manner in which the copy was furnished; — once in the following language on cross-examination : " Yes, sir ; I say that I furnished the testimony along in detached parts, a session at a time, as a rule."

The testimony thus given was met on the part of the defendant by the testimony of Mr. Wellington, who positively denied that he ever applied to the plaintiff for a copy of the minutes; that he ever promised to pay him twenty cents a folio for such a copy, or ever had any conversation with him on the subject; by the testimony of the defendant to the effect that in the latter part of March, and after the case for the contestant was closed, he wrote a letter to the plaintiff, informing him that Mr. Wellington desired a copy of the stenographer's minutes for the purpose of making his brief for argument, and that if he (the plaintiff) had prepared copies of the minutes and would send one of them to Mr. Wellington to be used for the purpose mentioned, it would be returned to the committee with the brief at the close of the case; that the next day he received a letter in answer from the plaintiff. The letter of the plaintiff was produced and put in evidence ; it was as follows:

" ALBANY, *March* 21, 1890.

" Gen. JAMES C. ROGERS :

" DEAR SIR — Your favor of yesterday is at hand. I will have prepared and send to Mr. Wellington a copy of the proceedings thus far taken, as you request.

" Yours truly,

" (Signed) GEORGE H. THORNTON."

The foregoing statement contains the substance of the material evidence in the case, upon the submission of which to the jury a verdict was rendered in favor of the · plaintiff. The defendant moved for a new trial upon the ground, among others, that the verdict was contrary to the evidence, and his motion was denied.

We think the motion was well founded and that its denial was error. . .

The plaintiff held the affirmative of the issue, and was bound to support it by a fair preponderance of the evidence or fail of a recovery. To that purpose his own testimony stood alone. It was uncorroborated by any evidence in the case, either direct or presumptive. He was interested in the result of the action to the full extent of the recovery sought. He was fully contradicted upon the question directly in issue by the testimony of a disinterested witness, and by the well-nigh conclusive presumption to be drawn from his own letter to the defendant. It is not easily credible that he should have written that letter, in answer to the letter of the defendant, the receipt of which he acknowledges, if he had already concluded a bargain with the defendant's counsel to furnish him copies of the minutes at a price agreed upon ; and especially if, as he repeatedly testifies, he had already been engaged for nearly two months in furnishing the counsel with these copies from day to day of the sessions of the committee.

We understand the reluctance with which a judge at the Circuit, who has once submitted a case to the jury, interferes to set aside the verdict when it is rendered in response to such submission, but that, sometimes, it may be his duty to do so, cannot be doubted; and this even in a case where his denial of a motion for a nonsuit was not error. For, as was said by ALLEN, J., in *Colt* v. *Sixth Ave. R. R. Co.* (49 N. Y. 671), the evidence may be sufficient in law to sustain a verdict although so greatly against the apparent weight of

evidence as to justify the granting of a new trial. (See, also, *Adsit* v. *Wilson*, 7 How. Pr. 64, 66 ; *Smith* v. *Ætna Life Insurance Co.*, 49 N. Y. 211; *Mulligan* v. *N. Y. C. & H. R. R. R. Co.*, 33 N. Y. St. Repr. 534.)

It is manifest that the present is a strong case for setting aside the verdict. The contradiction of the plaintiff was not by the other party interested, but by a disinterested witness and by the letter of the plaintiff himself. It is impossible to say that this verdict is supported by a fair preponderance of the evidence. The contrary is plainly the case, and the motion for a new trial should have been granted, on that ground if no other.

LEWIS, J., concurred; HAIGHT, J., dissented.

Judgment and order appealed from reversed and new trial granted, costs to abide the event.